JAMES P. KRAUZLIS, ESQ.
CASEY & BARNETT, LLC
Attorneys for Plaintiff
305 Broadway, Suite 1202
New York, New York 10007
(212) 286-0225
Our Ref. :    176-88

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CERTAIN INTERESTED UNDERWRITERS AT
LLOYD'S under certificate number                                    ECF
B0878AAA1876938, as subrogee of PIC USA, Inc.,
                                                                    20 Civ.
                                 Plaintiff,

        - against -                                                 **COMPLAINT**

ATLAS AIR, INC.,

                                 Defendants.
-----------------------------------------------------------------X

       Plaintiffs, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S under certificate number B0878AAA1876938, as subrogee of PIC USA, Inc., by and through its attorneys, CASEY & BARNETT, LLC, for its Complaint against the Defendant alleges upon information and belief as follows:

       1.     This action arises out of the Montreal Convention, a Treaty to which the United States is a signatory. The Court has jurisdiction pursuant to 28 USC § 1331.

       2.     At all material times Defendant was and is currently present within the jurisdiction of this Honorable Court and transaction referred to hereinafter occurred with the jurisdiction of this Honorable Court.

       3.     At all material times, CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S under certificate number B0878AAA1876938, (hereinafter "LLOYD'S" or

"Plaintiff") is a foreign insurance company with its principal place of business One Lime Street, London EC3M 7HA, United Kingdom, and issued a policy of insurance to PIC USA, Inc, ("PIC") covering the subject shipment of 934 Head of Live Purebred Breeding Pigs, as more fully described below.

4. At all material times, Defendant, ATLAS AIR, INC. (hereinafter "ATLAS" or "Defendant"), is a corporation with an office and place of business located at 2000 Westchester Avenue, Purchase, NY 10577 2543, and at all relevant times was and is doing business as an international carrier of merchandise by air within the jurisdiction of this Honorable Court.

5. Plaintiff brings this action on their own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

6. This is a claim for heat distress damage to a consignment consisting of 934 Head of Live Purebred Breeding Pigs, shipped by Plaintiff's assured, PIC, which was carried in international carriage of goods by air from Chicago, IL, to Xianyang, China, under ATLAS' air waybill number 369-7080-1986, dated June 28, 2018.

7. The consignment was delivered to ATLAS on or about June 28, 2018 in Chicago, IL, and ATLAS agreed to proper preparations for, including proper onboard pens and cages for carriage of the subject shipment of 934 Head of Live Purebred Breeding Pigs, to ensure the shipment would arrive at the destination of Xianyang, China, in the same good order and condition as when first delivered to and received by ATLAS in Chicago, IL.

8. At the time of delivery to and receipt by ATLAS the shipment was in good order and condition and with no notations or exceptions as to the condition of the cargo.

9. The shipment departed Chicago, IL, destined for Xianyang, China, under ATLAS' air waybill number 369-7080-1986, dated June 28, 2018.

8. When the cargo arrived at its intended destination of Xianyang, China, it was noted the shipment of 934 Head of Live Purebred Breeding Pigs suffered severe damage due the shipment having been delayed for a number hours, and due to the livestock having been subjected to high temperatures, heat distress and other improper conditions for the handling and transport of such cargo before arrival at Xianyang, China, and during the course of the international air carriage as described aforesaid.

9. As a result of the severe damage caused to the shipment of Live Purebred Breeding Pigs having been delayed for a number hours, and due to the livestock having been subjected to high temperatures, heat distress and other improper conditions for the handling and transport of such cargo before arrival at Xianyang, China, and during the course of the international air carriage as described, many of the Live Purebred Breeding Pigs suffered death while in the care, custody and control of Defendant ATLAS during the international air.

10. Subsequently, many of the head of livestock were destroyed, due to condition of the cargo upon arrival at Xianyang, China, for which the Plaintiff's assured, PIC, suffered damages.

10. The damage to the cargo was not the result of any act or omission on the part of the Plaintiff or its assured but, to the contrary, was due solely as a result of the negligence, fault, neglect, breach of contract of carriage, and breach of bailment on the part of Defendant ATLAS and/or their agents.

11. In accordance with the provisions of the Montreal Convention, written notice of the loss was provided to ATLAS within the time set forth in the Convention.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between Plaintiff's assured, PIC, and LLOYD'S, which provided coverage for, among other things, loss or damage to the subject consignment.

13. Pursuant to the aforementioned contract of insurance between Plaintiff's assured, PIC, and LLOYD'S, monies have been expended on behalf of Plaintiff's assured, PIC, to the detriment of LLOYD'S due to the damages sustained to the cargo during transit.

14. As LLOYD'S has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the Defendant ATLAS, LLOYD'S has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the Defendants.

15. By reason of the foregoing, the Plaintiff has been damaged in the amount of $294,582.84, as nearly as presently can be estimated, no part of which has been paid, although duly demanded.

WHEREFORE, Plaintiff respectfully demands judgment in the amount of $294,582.84, against the Defendants, jointly and severally, together with interest, costs, and disbursements, and such other and further relief as to the Court appears just and proper.

Dated: New York, New York
June 29, 2020
470-02

                                **CASEY & BARNETT, LLC**
                                Attorneys for Plaintiff

                                By: _____
                                James P. Krauzlis, Esq.
                                305 Broadway, Suite 1202
                                New York, New York 10007
                                (212) 286-0225